**Wilma YAMBAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76508.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

Armando G. Salazar, Esq., San Jose, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Loretta F. Radford, Esq., Office of the U.S. Attorney, Tulsa, OK, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Wilma Yambao, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

judge's ("IJ") order denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Lim v. INS*, 224 F.3d 929, 932 (9th Cir.2000), and we deny the petition for review.

The IJ made an adverse credibility finding based on numerous inconsistencies both within Yambao's testimony and between her testimony and her asylum application and the medical reports she submitted. Yambao submitted medical evidence regarding the effect of her psychological condition upon her ability to testify consistently. However, considering this evidence, Yambao's failure to produce any evidence to support her claim that she and her four children were persecuted by the New People's Army ("NPA") constitutes substantial evidence supporting the adverse credibility determination. *See Sidhu v. INS*, 220 F.3d 1085, 1091 (9th Cir.2000).

Further, even if her testimony is taken as true, the extortion and other acts that Yambao claims the NPA perpetrated do not constitute persecution on account of a protected ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

We do not consider whether Yambao was eligible for withholding of removal because she failed to offer any argument in support of that contention. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

Respondent's request for oral argument is denied.

The voluntary departure period was stayed, and that stay will expire upon issu-ance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED**